IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

HECTOR HUGO HERNANDEZ,
        Plaintiff,
vs.

DARLENE LORD, *et al.*,
        Defendants.

Case No. 3:19-cv-00151-RRB

**ORDER**

Hector Hugo Hernandez, a self-represented prisoner, has filed multiple motions regarding the appointment of an expert witness and amending his complaint.

### 1. Docket 67: Motion for the Appointment of Two Medical Experts

At Docket 67, Mr. Hernandez requests the Court appoint two medical experts regarding his alleged physical and psychological injuries. In support of this motion, Mr. Hernandez argues that he is indigent, the medical issues are complex, and that he has been unable to locate an expert witness on his own.[1] Mr. Hernandez relies on Rules 702, 703, and 706 of the Federal Rules of

---

[1] Docket 67 at 1.

Evidence.[2] The Defendants oppose the motion on the ground that Mr. Hernandez is requesting the witness appointments in order to bolster his case.[3]

Federal Rule of Evidence 706 provides a court the discretion to appoint an expert witness, either on a party's motion or on its own accord. An expert witness appointed under this rule is a neutral party charged with assisting a court in determining a material fact.[4] When determining whether to exercise such discretion, a court may consider a number of relevant factors, including: "(1) Whether expert testimony is necessary or significantly useful for the trier of fact to comprehend a material issue[; and] (2) Whether the moving party has produced some evidence, admissible or otherwise, that demonstrates a serious dispute that could be resolve or understood through expert testimony."[5]

Mr. Hernandez argues that his case presents complex medical issues in need of expert testimony. In support, he presents an affidavit along with 25 exhibits.[6] These exhibits consist of Request for Interview (RFI) communications

---

[2] *Id.*

[3] Docket 70.

[4] *McKinney v. Anderson*, 924 F.2d 1500, 1511 (9th Cir. 1991), *vacated on other grounds sub nom. Helling v. McKinney*, 502 U.S. 903 (1991), *judgment reinstated*, 959 F.2d 853 (9th Cir. 1992), *aff'd*, 509 U.S. 25 (1993); *see also Claiborne v. Blauser*, 934 F.3d 885, 901 n.7 (9th Cir. 2019).

[5] *Gorton v. Todd*, 793 F.Supp.2d 1171, 1185 (9th Cir. 2011).

[6] Docket 68.

3:19-cv-00151-RRB, *Hernandez v. Lord, et al.*
Order
Page 2 of 7
Case 3:19-cv-00151-RRB   Document 81   Filed 11/05/20   Page 2 of 7

from Mr. Hernandez and medical progress notes.[7] However, while Mr. Hernandez has provided evidence in support of his motion, neither his motion nor his evidence demonstrate a serious dispute that needs to be resolved through expert testimony at this time. Mr. Hernandez's evidence supports the claims in his First Amended Complaint. At this stage in litigation, it is unclear as to what a serious dispute(s) of material fact will arise between the parties and will need to be decided by the fact finder. As presented, a serious dispute has yet to arise that requires neutral expert testimony. Nevertheless, the Court notes that such a dispute may arise during or after the close of discovery or through dispositive motions practice. Accordingly, this motion is premature.

### 2. Dockets 69, 71, & 72: Motions to Modify or Amend Complaint

At Dockets 69, 71, and 72, Mr. Hernandez files three separate motions to "compliment, "modify," or "add sentences" to his First Amended Complaint. The Defendants oppose all of these motions on procedural grounds.[8] The Court has already issued multiple orders to Mr. Hernandez regarding the process of amending a complaint.

Rule 15(a) of the Federal Rules of Civil Procedure governs the process for amending pleadings. A plaintiff may amend a complaint (1) within 21 days after

---

[7] Docket 68.

[8] Dockets 74–76.

3:19-cv-00151-RRB, *Hernandez v. Lord, et al.*
Order
Page 3 of 7
Case 3:19-cv-00151-RRB   Document 81   Filed 11/05/20   Page 3 of 7

service or within 21 days of a responsive pleading or a motion under Federal Rule of Civil Procedure Rules 12(b), (e), or (f); (2) with the opposing party's consent, or (3) with a court's permission.[9] Additionally, the Local Civil Rule 15.1 governs this Court's practice for amending pleadings. "The proposed amended pleading must not incorporate by reference any prior pleading, including exhibits."[10] In this Court, an amended complaint replaces the prior complaint in its entirety. Plainly, this means that a plaintiff cannot simply add on new claims or defendants by motion or declaration. In order to amend a complaint, a plaintiff must submit a new complaint with all the claims the plaintiff seeks to allege.

After the acceptance of the First Amended Complaint, the Court set August 17, 2020, as a deadline for any amended pleadings.[11] As a matter of scheduling procedure, Mr. Hernandez's motions are beyond the deadline. Mr. Hernandez's motions to amend, though relatively innocuous in their additions or amendments, are not allowed under the rules. A party cannot simply add or amend claims and by reference through a simple motion. In accordance with the Local Civil Rule 15.1, and as he has done before, Mr. Hernandez must file a new complaint with all of his claims, naming all of the defendants. If Mr. Hernandez

---

[9] Fed. R. Civ. P. 15(a).

[10] Local Civil Rule 15.1.

[11] Docket 64.

3:19-cv-00151-RRB, *Hernandez v. Lord, et al.*
Order
Page 4 of 7
Case 3:19-cv-00151-RRB   Document 81   Filed 11/05/20   Page 4 of 7

wants to amend his complaint, he needs to (1) file a motion requesting leave of the Court to amend his complaint, (2) attach to that motion an entirely new complaint which alleges all of claims and all of the defendants, and (3) show cause as to why the Court should accept amended pleadings beyond the deadline set in the Amended Scheduling Order.

The only instance in which a plaintiff can modify his or her Complaint without filing an entirely new Complaint is when a plaintiff discovers the identity of a John or Jane Doe defendant. In that case, a plaintiff may file a Notice of Substitution. A Notice of Substitution informs the Court and the Defendants of the identity of a John or Jane Doe defendant and which claim is impacted by the discovery. Mr. Hernandez attempts to make such a substitution at Docket 69. Therefore, the Court will construe this limited section of the motion as a Notice of Substitution. In the future, any identified John or Jane Doe defendants should be submitted by a Notice of Substitution.

### 3. **Defendants' Request for Screening Order**

Finally, in the Defendant's Response at Docket 70, it states the "defendants are uncertain of which new claims will survive until the issuance of a screening order. Moreover, none of the defendants added in the amended complaint have been served or entered their appearance."[12] The Court will not issue an additional

---

[12] Docket 70, fn. 1.

screening order as Mr. Hernandez's claims have already been approved to proceed.[13]  An Amended Scheduling Order has been issued.

**Accordingly, it is hereby ordered:**

1. The Motion for the Appointment of Two Medical Experts at Docket 67 is **DENIED WITHOUT PREJUDICE AS PREMATURE**.  The Court may entertain this issue upon a showing of a serious dispute of a material fact either on motion from a party or on its own accord.

2. The Motion to Compliment/Modify First Amended Complaint at Docket 69 is **DENIED IN PART** and **GRANTED IN PART**.  The Court accepts the Notice of Substitution, David Coyne, R.N. shall be added as a defendant.

3. The Motion for Leave of Court to Add/Compliment Two Sentences as Conclusion to Paragraphs at Docket 71 is **DENIED**.

4. The Motion "Final" Addition to Amended Complaint at Docket 72 is **DENIED**.

5. Counsel for the Defendants has 60 days to make an appearance on behalf of the additional defendants of the First Amended Complaint and the Notice of Substitution at Docket 69.

---

[13] *See* Dockets 9, 61.

3:19-cv-00151-RRB, *Hernandez v. Lord, et al.*
Order
Page 6 of 7
Case 3:19-cv-00151-RRB   Document 81   Filed 11/05/20   Page 6 of 7

IT IS SO ORDERED this 5th day of November, 2020, at Anchorage, Alaska.

/s/ Ralph R. Beistline
RALPH R. BEISTLINE
Senior United States District Judge

3:19-cv-00151-RRB, *Hernandez v. Lord, et al.*
Order
Page 7 of 7
Case 3:19-cv-00151-RRB   Document 81   Filed 11/05/20   Page 7 of 7