# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF ALASKA

HECTOR HUGO HERNANDEZ,

        Plaintiff,

vs.

DARLENE LORD, *et al.*,

        Defendants.

Case No. 3:19-cv-00151-RRB

## ORDER RE: PENDING MOTIONS

Before the Court are six pending motions governing the scheduling, discovery, and disposition of this case.

**I.    Motion to Amend Complaint (Docket 101)**

The Second Amended Scheduling Order set a May 5, 2021, deadline for amended pleadings, and "[t]hereafter a party must file a motion with the Court seeking to extend this deadline, and explain why there is good cause to do so."[1] Mr. Hernandez filed his Motion to Amend Complaint on July 7, 2021. In his motion, he asserts that during the course of discovery, he identified Segregation Officer Price as the alleged individual responsible for the upper tier and top bunk housing assignment while Plaintiff had an untreated broken leg/ankle.[2] Further, he asserts that Segregation Officer Price ignored his injury and pleas for help.[3]

---

[1] Docket 92.
[2] Docket 101 at 1; Docket 101-1 at 21.
[3] Docket 101-1 at 21.

In response, Defendants argue that Mr. Hernandez's claim falls outside of the statute of limitations.[4] Further, Defendants argue that the additional alleged claim does not relate back under either Federal or Alaska Rule of Civil Procedure 15.[5]

Mr. Hernandez replied that the Federal Rules of Civil Procedure permit amendment if the claim or defense arose out of the same transaction or occurrence.[6]

The amendment of a complaint after the issuance of a scheduling order is governed by Federal Rule of Civil Procedure 16(b), not Rule 15.[7] Once issued, the scheduling order "controls the course of the action unless the court modifies it."[8] "The district court is given broad discretion in supervising the pretrial phase of litigation, and its decisions regarding the preclusive effect of a pretrial order . . . will not be disturbed unless they evidence a clear abuse of discretion."[9]

Here, Mr. Hernandez should have moved to Amend the Scheduling Order, rather than the Complaint. But the Ninth Circuit has acknowledged that courts

---

[4] Docket 102 at 5–7.
[5] Docket 102 at 7–9.
[6] Docket 104 at 1, citing Fed. R. Civ. P. 15(c)(1).
[7] *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 607–11 (9th Cir. 1992); see also *Morgal v. Maricopa Cty. Bd. of Sup'rs*, 284 F.R.D. 452, 459 (D. Ariz. 2012) ("In the Ninth Circuit, where, as here, a motion for leave to amend is filed after entry of a Rule 16 scheduling order, the movant cannot 'appeal to the liberal amendment procedures afforded by Rule 15[.]' Instead, the movant must 'satisfy the more stringent "good cause" showing required under Rule 16.'" (quoting *AmerisourceBergen Corp. v. Dialysist West, Inc.*, 465 F.3d 946, 952 (9th Cir. 2006)).
[8] Fed. R. Civ. P. 16(d).
[9] *Johnson*, 975 F.2d at 607; see also *Morgal*, 284 F.R.D. at 459.

3:19-cv-00151-RRB, *Hernandez v. Lord, et al.*
Order Re: Pending Motions
Page 2 of 11
Case 3:19-cv-00151-RRB   Document 125   Filed 10/29/21   Page 2 of 11

across the country have considered a motion to amend the complaint as a motion to amend the scheduling order.[10] Moreover, a court may act with leniency towards a self-represented litigant for procedural violations.[11] Accordingly, in the interests of justice and judicial economy, the Court construes the Motion to Amend Complaint as a Motion to Amend the Scheduling Order.

A court evaluates a motion to amend a scheduling order for good cause.[12] "Rule 16(b)'s 'good cause' standard primarily considers the diligence of the party seeking the amendment" and weighs "the existence or degree of prejudice" to the opposing party.[13] Courts within the Ninth Circuit use a three-part inquiry in determining whether a movant has been diligent in seeking amendment.[14] A movant must demonstrate: (1) thoughtfulness in assisting the Court in a workable scheduling order; (2) that noncompliance with the Rule 16 deadline occurred because of reasonably unforeseen or unanticipated circumstances; and (3) persistence in seeking amendment once noncompliance became apparent.[15]

As a preliminary matter, Mr. Hernandez is exempt from pretrial scheduling conferences, because he is a self-represented prisoner.[16] Thus, the first element

---

[10] *Johnson*, 975 F.2d at 608–09 (also acknowledging that the Circuit has upheld district court decisions with strict interpretations of Rule 16).

[11] *Motoyama v. Hawaii, Dept. of Transp.*, 864 F. Supp. 2d 965, 976 (2012) (further noting that leniency does not excuse self-represented litigants from the rules that govern proceedings).

[12] Fed. R. Civ. P 16(b); *see also* Docket 92 at 2.

[13] *Johnson*, 975 F.2d at 609.

[14] *Morgal*, 284 F.R.D. at 460.

[15] *Morgal*, 284 F.R.D. at 460.

[16] Local Civil Rule 16.1(a).

3:19-cv-00151-RRB, *Hernandez v. Lord, et al.*
Order Re: Pending Motions
Page 3 of 11
Case 3:19-cv-00151-RRB   Document 125   Filed 10/29/21   Page 3 of 11

of the diligence inquiry is moot. As to the other two elements, Mr. Hernandez asserts that he discovered the identity and role of Segregation Officer Price from "official records only recently obtained by the plaintiff through discovery" and that he sought consent from counsel prior to filing his motion.[17] Since the commencement of this suit, Mr. Hernandez continually has raised that his housing assignment in segregation was a key fact in his claims of deliberate indifference.[18] He alleges Segregation Officer Price assigned him to an upper tier and upper bunk housing placement and ignored his pleas and injury. The Court received Mr. Hernandez's motion and amended complaint on July 7, 2021—one day after the close of discovery. Further, the Court notes that Mr. Hernandez's certificate of service to Defendants is dated June 30, 2021—before the close of discovery. The Court finds Mr. Hernandez diligent in his actions. The Court finds only negligeable prejudice to Segregation Officer Price being added at this stage of litigation. No dispositive decisions have been made in this action, and discovery will resume. Therefore, Mr. Hernandez has demonstrated good cause to amend the scheduling order.

---

[17] Docket 101 at 1.
[18] *See* Dockets 1, 62.

3:19-cv-00151-RRB, *Hernandez v. Lord, et al.*
Order Re: Pending Motions
Page 4 of 11
Case 3:19-cv-00151-RRB   Document 125   Filed 10/29/21   Page 4 of 11

Accordingly, the Court GRANTS the Motion to Amend Scheduling Order and accepts Mr. Hernandez's Second Amended Complaint at Docket 101-1. A Third Amended Scheduling Order shall issue.[19]

## II. Motion to Compel Discovery (Docket 103)

Mr. Hernandez requests the Court compel discovery of three items/categories of evidence: (1) x-rays/pictures of his ankle; (2) video footage from the Punitive Segregation Unit from April 10, 2021–April 25, 2019; and (3) incident and misconduct reports of the various Defendants.[20]

Defendants oppose on procedural and substantive grounds.[21] Procedurally, Defendants argue Mr. Hernandez's motion is untimely. Substantively, Defendants assert first that the x-rays have been produced and therefore the issue is moot.[22] Second, the request for video is futile, because the video was deleted.[23] Defendants state "that data storage capacity required to indefinitely maintain round-the-clock surveillance video would be astronomical and prohibitively expensive."[24] Defendants further state the video is stored "for a few months before deleting it unless the surveillance video shows a security or medical indecent worth preserving, e.g. an altercation between inmates or an inmate suffering an injury.

---

[19] The Statute of Limitations is an affirmative defense. The Court declines to address that argument under this Rule 16 inquiry; however, Defendant Price may elect to re-raise at the appropriate time.
[20] Docket 103.
[21] Docket 105.
[22] Docket 105 at 3–4.
[23] Docket 105 at 3.
[24] Docket 105 at 3.

3:19-cv-00151-RRB, *Hernandez v. Lord, et al.*
Order Re: Pending Motions
Page 5 of 11
Case 3:19-cv-00151-RRB   Document 125   Filed 10/29/21   Page 5 of 11

. . . video of plaintiff in punitive segregation without a security or medical incident was not the kind of surveillance Good Creek preserves beyond the initial few month period."[25]  Third, Defendants state they have responded to Mr. Hernandez's May 24, 2021, discovery request, making this issue moot.[26]

Mr. Hernandez replies that his motion is timely under the prisoner mailbox rule.[27]  Further he asserts:  (1) disclosed x-ray images are incomplete and missing the right-side angle, which should show the fracture;[28] (2) the video should not have been deleted and opens the door for spoilation;[29] and (3) he seeks disciplinary records "not to prove the <u>character</u> of the defendants, but to prove motive, opportunity, intent, preparation, plan, knowledge, identify or absence of mistake or accident" and requests *in camera* review.[30]

Rule 26 of the Federal Rules of Civil Procedure permits a party to obtain discovery "regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit.  Information within this scope of

---

[25] Docket 105 at 3.
[26] Docket 105 at 4.
[27] Docket 108 at 3.
[28] Docket 108 at 2.
[29] Docket 108 at 3–4.
[30] Docket 108 at 2.

3:19-cv-00151-RRB, *Hernandez v. Lord, et al.*
Order Re: Pending Motions
Page 6 of 11
Case 3:19-cv-00151-RRB   Document 125   Filed 10/29/21   Page 6 of 11

discovery need not be admissible in evidence to be discoverable."[31] "Evidence is relevant if: it has any tendency to make a fact more or less probable than it would be without the evidence; and the fact is of consequence in determining the action."[32]

Rule 37 of the Federal Rules of Civil Procedure provides that a party may move for an order compelling disclosure or discovery.[33] "A party seeking discovery may move for an order compelling an answer, designation, production, or inspection" where "(i) a deponent fails to answer a question asked under Rule 30 or 31; (ii) a corporation or other entity fails to make a designation under Rule 30(b)(6) or 31(a)(4); (iii) a party fails to answer an interrogatory submitted under Rule 33; or (iv) a party fails to produce documents or fails to respond that inspection will be permitted -- or fails to permit inspection -- as requested under Rule 34."[34] The party opposing the discovery bears the burden of resisting disclosure.[35] Granting or denying a motion to compel has significant consequences including: sanctions, the payment of expenses, and protective orders.[36]

---

[31] Fed. R. Civ. P. 26(b)(1).
[32] Fed. R. Evid. 401.
[33] Fed. R. Civ. P. 37(a)(1).
[34] Fed. R. Civ. P. 37(a)(3)(B).
[35] *Bryant v. Armstrong*, 285 F.R.D. 596, 600 (S.D. Cal. 2012); *London Wallace v. City of Fresno*, No. 119CV01199AWISAB, 2021 WL 916244, at *2 (E.D. Cal. Mar. 10, 2021).
[36] Fed. R. Civ. P. 37(a)(5).

3:19-cv-00151-RRB, *Hernandez v. Lord, et al.*
Order Re: Pending Motions
Page 7 of 11
Case 3:19-cv-00151-RRB   Document 125   Filed 10/29/21   Page 7 of 11

As articulated above, the Court has granted Mr. Hernandez's motion to amend the scheduling order. Accordingly, discovery shall re-open, making this motion to compel moot. The Court anticipates the parties will be able to be resolve these issues in the additional time given. However, in the interest of judicial economy and the efficiency of this litigation, the Court provides the following guidance regarding three issues raised in the motion.

a. <u>X-Ray</u>

With the re-opening of discovery, it is anticipated that this dispute shall be able to resolve between the parties with either disclosure of the right-side perspective of the x-ray or confirmation that the image does not exist.

b. <u>Video</u>

A court cannot compel evidence that does not exist. However, this does not leave litigants without recourse in the event evidence is lost. A party must preserve evidence it knows or should know is relevant to a claim or defense of any party, or that may lead to the discovery of relevant evidence.[37] The duty to preserve applies to any active civil action and extends to the period before litigation when a party should reasonably know that evidence may be relevant to anticipated litigation.[38] As soon as a potential claim is identified, a litigant is under a duty to preserve evidence which it knows or reasonably should know is relevant to the action, is

---

[37] *Compass Bank v. Morris Cerullo World Evangelism*, 104 F. Supp. 3d 1040, 1051 (S.D. Cal. 2015); *see also United States v. Kitsap Physicians Serv.*, 314 F.3d 995, 1001 (9th Cir. 2002).
[38] *Compass Bank*, 104 F. Supp. at 1051 (internal citations omitted).

3:19-cv-00151-RRB, *Hernandez v. Lord, et al.*
Order Re: Pending Motions
Page 8 of 11
Case 3:19-cv-00151-RRB   Document 125   Filed 10/29/21   Page 8 of 11

reasonably calculated to lead to the discovery of admissible evidence, is reasonably likely to be requested during discovery, or is the subject of a pending discovery request.[39]

Spoliation is the destruction or significant alteration of evidence, or the failure to preserve property for another's use as evidence in pending or reasonably foreseeable litigation.[40] If order for a litigant to successfully allege spoliation, three elements must be proven: "(1) the party having control over the evidence had an obligation to preserve it when it was destroyed or altered; (2) the destruction or loss was accompanied by a culpable state of mind; and (3) the evidence that was destroyed or altered was relevant to the claims or defenses of the party that sought the discovery of the spoliated evidence."[41] If a party is determined to have spoliated evidence, a court must determine if and what sanctions are appropriate.[42]

c. <u>Incident and Misconduct Reports</u>

To the extent that Mr. Hernandez is seeking disciplinary information in Defendants' personnel files, Alaska Statute § 39.25.080 classifies state employee

---

[39] *Compass Bank*, 104 F. Supp. at 1051; relying on *In re Napster, Inc. Copyright Litig.*, 462 F. Supp. 2d 1060, 1067 (N.D. Cal. 2006).
[40] *Kitsap Physicians Serv.*, 314 F.3d at 1001; (citing *Akiona v. United States*, 938 F.2d 158, 161 (9th Cir. 1991) (a party engages in spoliation only if they had some notice that the documents were potentially relevant to the litigation before they were destroyed).
[41] *Balla v. Idaho State Bd. of Correction*, 119 F. Supp. 3d 1271, 1282 (D. Idaho 2015); quoting *Montoya v. Orange Cty. Sheriff's Dep't*, Case No. 11–cv–1922, 2013 U.S. Dist. LEXIS 180682, at *19–20 (C.D. Cal. Oct. 15, 2013).
[42] *Balla,* 119 F. Supp. at 1282.

3:19-cv-00151-RRB, *Hernandez v. Lord, et al.*
Order Re: Pending Motions
Page 9 of 11
Case 3:19-cv-00151-RRB   Document 125   Filed 10/29/21   Page 9 of 11

personnel records as confidential and not open to public inspection.[43] Government personnel files are considered official information and may be subject to qualified privilege.[44] Requests for *in camera* review are not taken lightly. Relevance and probative value would need to be demonstrated in a formally and properly made motion before the Court could grant such relief.

**IT IS THEREFORE ORDERED**:

1. Plaintiff's Motion to Amend Complaint at Docket 101, construed as a Motion to Amend the Scheduling Order, is **GRANTED**. The Second Amended Complaint at Docket 101-1 is accepted and shall be docketed. A Third Amended Scheduling Order shall issue separately.

2. Plaintiff's Motion to Compel at Docket 103 is **DENIED WITHOUT PREJUDICE** due to the re-opening of discovery.

3. Plaintiff's Supplemental Motion to Compel at Docket 106 is **DENIED WITHOUT PREJUDICE** due to the re-opening of discovery.

4. Plaintiff's Motion for an Extension of Time to File Dispositive Motions at Docket 109 is **DENIED AS MOOT**, in light of the forthcoming Third Amended Scheduling Order.

5. Defendants may elect to amend or withdraw their Motion for Summary Judgment at Docket 110.

---

[43] Alaska Stat. § 39.25.080.
[44] *Sanchez v. City of Santa Ana*, 936 F.2d 1027, 1033–34 (9th Cir. 1990), as amended on denial of reh'g (Feb. 27, 1991), as amended on denial of reh'g (May 24, 1991).

3:19-cv-00151-RRB, *Hernandez v. Lord, et al.*
Order Re: Pending Motions
Page 10 of 11
Case 3:19-cv-00151-RRB   Document 125   Filed 10/29/21   Page 10 of 11

6. Defendants' Motion to File Excess Pages at Docket 121 is **GRANTED**.

7. Plaintiffs' Motion for an Extension of Time to Respond to Summary Judgment at Docket 123 is **DENIED AS MOOT**, in light of the forthcoming Third Amended Scheduling Order.

IT IS SO ORDERED this 29th day of October, 2021, at Anchorage, Alaska.

*/s/ Ralph R. Beistline*
RALPH R. BEISTLINE
Senior United States District Judge

3:19-cv-00151-RRB, *Hernandez v. Lord, et al.*
Order Re: Pending Motions
Page 11 of 11
Case 3:19-cv-00151-RRB   Document 125   Filed 10/29/21   Page 11 of 11