IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| HECTOR HUGO HERNANDEZ,<br><br>　　　　　　　Plaintiff,<br><br>　vs.<br><br>DARLENE LORD, *et al.*,<br><br>　　　　　　　Defendants. | Case No. 3:19-cv-00151-RRB<br><br>**ORDER DENYING<br>MOTION TO DISMISS<br>OFFICER ANTHONY PRICE**<br>**(Docket 133)** |

## I.　INTRODUCTION

　　Plaintiff, who is incarcerated and proceeding *pro se*, filed his First Amended Complaint on June 17, 2020, alleging injuries sustained on April 10, 2019.[1] On September 4, 2020, Plaintiff sought leave of the Court to "modify" the First Amended Complaint.[2] On November 5, 2020, this Court denied the motion, explaining that "[a] party cannot simply add or amend claims and by reference through a simple motion. . . . Mr. Hernandez must file a new complaint with all of his claims, naming all of the defendants."[3] Further complicating matters, Plaintiff then was transferred three times in October and November 2020, resulting the loss of Plaintiff's legal materials, and causing

---

[1] Docket 62.
[2] Docket 69.
[3] Docket 81.

this Court's mail, including this Court's Order containing the above instructions, to be returned as undeliverable.[4] A copy of the entire case file then was sent to Plaintiff on November 17, 2020.[5] On December 18, 2020, Plaintiff filed a motion for extension of time with respect to all deadlines, because he had been unable to take his legal documents with him during his multiple moves, and COVID-19 lockdown procedures had kept him from using the telephone or the law library.[6] Finally, on July 7, 2021, Plaintiff moved for leave to file his Second Amended Complaint.[7] The Court allowed the amendment over Defendants' objections.[8]

Defendant, Anthony Price ("Price"), was named for the first time in the Second Amended Complaint. Price has filed a Motion to Dismiss pursuant to Fed. R. Civ. P. 12(b)(6), arguing that Plaintiff's claim against him was time-barred by the statute of limitations.[9] Plaintiff opposed Price's motion, and also filed a supplemental brief.[10] Price replied.[11] The Court asked for clarification, which Defendants have provided.[12] This Court now denies the Motion to Dismiss for the reasons discussed below.

## II. STATUTE OF LIMITATIONS

42 U.S.C. § 1983 does not contain its own statute of limitations. Rather, the federal courts "apply the forum state's statute of limitations for personal injury actions, . . .

---

[4] Dockets 78, 79, 80, 82, 83, 84, 87, 97.
[5] *See* Docket 86.
[6] Docket 89.
[7] Docket 100, 101.
[8] Docket 125.
[9] Docket 133.
[10] Docket 136, 138.
[11] Docket 139.
[12] Docket 143, 144.

*Hernandez v. Lord, et al.*     Case No. 3:19-cv-00151-RRB
Order Denying Motion to Dismiss Officer Anthony Price     Page 2
Case 3:19-cv-00151-RRB   Document 147   Filed 07/07/22   Page 2 of 7

except to the extent any of these laws is inconsistent with federal law."[13] In Alaska, the statute of limitations for a tort action against a peace officer is two years.[14] Defendants argue that because Plaintiff sustained his injury on April 10, 2019, and because he did not name Price as a Defendant until the Second Amended Complaint on July 7, 2021, the two-year statute of limitations had expired, and Price should be dismissed on those grounds.

The parties are in agreement that Price's identity was first provided in discovery responses received by Plaintiff no later than January 8, 2021, three months before the statute of limitations ran, and six months before the Second Amended Complaint was filed.[15] But Plaintiff concedes that although he *received* the discovery from Defendants on January 8, 2021, he made the discovery request more than three months earlier, on September 23, 2020.[16] Federal Rules of Civil Procedure 33, 34, and 36 provide for responses to discovery requests within 30 days, unless otherwise ordered or stipulated. Plaintiff's discovery requests therefore should have been answered by October 23, 2020, but Defendants did not answer until December 7, 2020, and the discovery was not then provided by the prison mail system to Plaintiff until January 8, 2021.

Making matters worse, the responses to Plaintiff's discovery requests directed Plaintiff to Bates stamped documents provided to Plaintiff only in electronic form, and prison staff did not provide Plaintiff with a computer to access the discovery until another three months later, after the expiration of the statute of limitations, on April 20,

---

[13] *Butler v. Nat'l Cmty. Renaissance of California*, 766 F.3d 1191, 1198 (9th Cir. 2014) (internal quotations and citations omitted) (emphasis added).
[14] Alaska Statute § 09.10.070.
[15] Docket 144.
[16] Docket 138.

*Hernandez v. Lord, et al.* Case No. 3:19-cv-00151-RRB
Order Denying Motion to Dismiss Officer Anthony Price Page 3
Case 3:19-cv-00151-RRB   Document 147   Filed 07/07/22   Page 3 of 7

2021.[17] In total, Plaintiff waited seven months from the date of his request until he was able to access the materials.

At their core, "[s]tatutes of limitations require plaintiffs to pursue diligent prosecution of known claims," and serve to "protect defendants against stale or unduly delayed claims."[18] But a statute of limitations can be tolled. While the doctrines of **equitable tolling** or **equitable estoppel** both excuse untimeliness, equitable tolling is concerned with the actions of the untimely party, while equitable estoppel looks to the conduct of the party invoking the limitation period.[19] Ultimately, the question here is whether the statute of limitations should be tolled between the April 9, 2021, expiration of the limitations period, and the July 7, 2021, Second Amended Complaint.

### A. Equitable Tolling

Federal courts apply the forum state's law regarding equitable tolling in § 1983 cases, "except to the extent any of these laws is inconsistent with federal law."[20] Equitable tolling considers the actions of the untimely party, which is the Plaintiff in this case.[21] Defendants argue that equitable tolling does not apply because Plaintiff does not meet the equitable tolling test established by the Alaska Supreme Court or Alaska Stat. § 09.10.140(a).[22] In Alaska, the doctrine of equitable tolling halts running of the statute of limitations primarily when multiple legal remedies are available to the plaintiff and time

---

[17] Docket 138.
[18] *Smith v. Davis*, 953 F.3d 582, 591 (9th Cir.), *cert. denied*, 141 S. Ct. 878, 208 L. Ed. 2d 440 (2020) (internal citations omitted).
[19] *Kaiser v. Umialik Ins.*, 108 P.3d 876, 881 (Alaska 2005).
[20] *Butler*, 766 F.3d at 1198 (internal quotations and citations omitted) (emphasis added).
[21] *Kaiser*, 108 P.3d at 881.
[22] Docket 139 at 7–11.

*Hernandez v. Lord, et al.*     Case No. 3:19-cv-00151-RRB
Order Denying Motion to Dismiss Officer Anthony Price     Page 4
Case 3:19-cv-00151-RRB    Document 147    Filed 07/07/22    Page 4 of 7

runs out on one remedy while the plaintiff is pursuing another.[23] This is not the case here. Nor does Plaintiff allege that he satisfies Alaska Stat. § 09.10.140(a), which allows equitable tolling if the plaintiff is incompetent by reason of mental illness or mental disability at the time the cause of action accrues.

Plaintiff argues that the loss of his legal materials and delay of disclosures by Defendants as reasons to justify tolling. However, The Alaska Supreme Court has specifically noted that a prisoner's separation from legal documents is not a reason for tolling in Alaska.[24] Nevertheless, the Alaska Supreme Court also has acknowledged that some jurisdictions will equitably toll a plaintiff's claims where "extraordinary circumstances" outside the plaintiff's control make it impossible for the plaintiff to timely assert a claim, noting that "[w]e have *neither accepted nor rejected* this theory of tolling."[25] Having not expressly rejected this theory of tolling, this Court simply could toll the statute due to the extraordinary circumstances presented, including the seven-month delay between Plaintiff's request for the information in September 2020, and his first opportunity to review the materials in April 2021, all of which was outside of Plaintiff's control. Alternatively, the Court also finds that equitable estoppel applies.

**B.     Equitable Estoppel**

This Court focused on equitable estoppel in its prior review of this motion, finding that the timing of the disclosure of Price's identity was critical to a decision on the

---

[23] *Kaiser*, 108 P.3d 876 at 81.
[24] *Richardson v. Municipality of Anchorage*, 360 P.3d 79, 89–90 (Alaska 2015)(emphasis added). ("[T]he legislature specifically removed incarceration as a ground for tolling a statute of limitations in 1986.").
[25] *Richardson,* 360 P.3d at 89–90 (emphasis added).

motion to dismiss.[26]  Equitable estoppel considers the conduct of Defendants, as the party invoking the limitation period.[27]  To establish equitable estoppel under Alaska law, Plaintiff must show (1) fraudulent conduct, which may take the form of either an affirmative misrepresentation or a ***failure to disclose facts where there is a duty to do so***; (2) justifiable reliance; and (3) damage.[28]

There is a duty to disclose discovery in a timely manner, as evidenced by the availability of sanctions for failure to do so.[29]  This Court finds that Defendants' untimely disclosure of Price's identity (produced six weeks late, a total of ten weeks after the information was requested) amounts to a failure to disclose facts where there is a duty to do so.  Moreover, it is reasonable to expect discovery to be produced in a form that the receiving party is able to access.  Defendants do not dispute that Price's identity was provided only electronically, nor do they dispute that Plaintiff was forced to wait an additional three months for the ability to access the materials that they provided only in electronic form.  It is common knowledge that materials provided to prisoners via disc or thumb drive are not immediately accessible upon receipt, unlike written responses.[30]

---

[26] Docket 143.
[27] *Kaiser*, 108 P.3d at 881.
[28] *Kaiser*, 108 P.3d at 881; *see also Gefre v. Davis Wright Tremaine*, LLP, 306 P.3d 1264, 1277 (Alaska 2013).
[29] Fed. R. Civ. P. 37(d) permits a district court to sanction a party for failing to respond to a Rule 34 request for production of documents by imposing any sanction authorized by Rule 37(b)(2)(A)(i)–(vi).
[30] For a general discussion of the difficulty prisoners face in reviewing electronic discovery, particularly during the COVID-19 Pandemic, *see United States v. Topps*, No. 320CR00012TMBDMS, 2020 WL 5890433, at *13 (D. Alaska Oct. 1, 2020), *report and recommendation adopted as modified* (Nov. 5, 2020).

*Hernandez v. Lord, et al.*  Case No. 3:19-cv-00151-RRB
Order Denying Motion to Dismiss Officer Anthony Price  Page 6
Case 3:19-cv-00151-RRB   Document 147   Filed 07/07/22   Page 6 of 7

The Court further finds that Plaintiff satisfies the other two prongs of the test. Plaintiff relied upon Defendants to provide Price's identity, and will suffer damage if claims against a viable defendant are dismissed on technical grounds. Moreover, Plaintiff diligently sought to prosecute a known claim, as he sought Price's identity from Defendants at least ten months prior to the expiration of the limitations period.[31] The delay by Defendants in production of discovery contributed in no small part to the expiration of the statute of limitations. Enforcement of the statute of limitations would be inequitable in this instance, where Plaintiff filed his Second Amended Complaint three months late, after a six-month delay of discovery.

### III. CONCLUSION

In light of the foregoing, the Motion to Dismiss at Docket 133 is DENIED.

IT IS SO ORDERED this 7th day of July, 2022, at Anchorage, Alaska.

                          */s/ Ralph R. Beistline*
                          RALPH R. BEISTLINE
                          Senior United States District Judge

---

[31] *See Smith*, 953 F.3d at 591 (Statutes of limitation serve to "protect defendants against stale or unduly delayed claims.").

*Hernandez v. Lord, et al.*                                                          Case No. 3:19-cv-00151-RRB
Order Denying Motion to Dismiss Officer Anthony Price                             Page 7
Case 3:19-cv-00151-RRB    Document 147    Filed 07/07/22    Page 7 of 7