IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| HECTOR HUGO HERNANDEZ,<br><br>　　　　　　Plaintiff,<br><br>　vs.<br><br>DARLENE LORD, *et al.*,<br><br>　　　　　　Defendants. | Case No. 3:19-cv-00151-RRB<br><br>**ORDER DENYING PLAINTIFF'S MOTION FOR APPOINTMENT OF MEDICAL EXPERT**<br>**(Docket 201)** |

## I.　INTRODUCTION

Plaintiff, proceeding *pro se*, filed his original Complaint pursuant to 42 U.S.C. § 1983 on May 23, 2019, alleging injuries sustained on April 10, 2019.[1] The background of this matter is well-known to the parties, and is discussed in detail at Docket 193. Briefly, Plaintiff was in an altercation with another inmate on April 10, 2019. A "spiral fracture of the distal fibula" was confirmed by X-ray on April 18, 2019.[2] Plaintiff now proceeds, pursuant to the Eighth Amendment, against twelve prison health care workers and correctional officers alleging that his injury was left untreated for "weeks" while he was required to climb the stairs and use a top bunk in his cell and was denied appropriate pain medication. He alleges "extreme and unrelenting pain," and that the lack

---

[1] Docket 1.
[2] Docket 173-1 at 81.

of prompt treatment resulted in a failure to heal properly, causing ongoing pain and mobility issues, in addition to PTSD from the traumatic experience.[3]

Currently before the Court is Plaintiff's Motion for the Appointment of Medical Experts at Docket 201.

## II.  DISCUSSION

The Supreme Court has established the standard for claims alleging failure to provide medical treatment to a prisoner as "deliberate indifference to serious medical needs."[4]  "To show deliberate indifference, the plaintiff must show that the course of treatment . . . was medically unacceptable under the circumstances and that the defendants chose this course in conscious disregard of an excessive risk to the plaintiff's health."[5]

Plaintiff claims that Defendants were deliberately indifferent to his medical needs in a "willing, premeditated, malicious, and at many times in a sadistic manner[.]"[6] He claims that he endured "[nine] days of horrible mental, psychological and physical trauma and pain [until he] finally was prescribed medication that could actually assist with bearing so much pain."[7]  Plaintiff further alleges that the lack of prompt treatment, as well as being forced to walk on a broken ankle, resulted in a failure to heal properly, causing ongoing pain and mobility issues.[8]  Plaintiff now requests the Court to appoint a medical expert to "give clarity in a non-biased manner and allow the court to further understand the

---

[3] Docket 101-1.
[4] *Ziglar v. Abbasi*, 582 U.S. 120, 148 (2017) (citing *Estelle v. Gamble*, 429 U.S. 97, 104 (1976)).
[5] *Id*.
[6] Docket 173 at 2.
[7] *Id.* at 12.  *See generally* Dockets 101-1 and 173.
[8] Docket 101-1.

*Hernandez v. Lord, et al.* Case No. 3:19-cv-00151-RRB
Order Denying Plaintiff's Motion for Appointment of Medical Expert (Docket 201) Page 2
Case 3:19-cv-00151-RRB   Document 206   Filed 12/03/24   Page 2 of 4

facts surrounding the claims."[9]  Plaintiff cites several cases where Federal Rule of Evidence 706 has been invoked.[10]

In response, Defendants argue that the issues that will be presented to the factfinder do not require the assistance of a medical expert. They suggest that "the medical issues in this matter are not so complicated that a court-appointed expert is necessary to assist the trier of fact[.]"[11]  Defendants do not dispute that Plaintiff's distal fibula fracture was a "serious medical need,"[12] and argue that Plaintiff "can testify as to his subjective pain and can elicit testimony from defendants about whether they subjectively knew of, disregarded, and drew the inference of alleged deficiencies in his medical care."[13]  Finally, they argue that the remaining questions (regarding pain medication, handling RIFs, the use of crutches/wheelchair, etcetera,) are not the type of issues that require the assistance of a medical expert.[14]

The Court agrees with the government in this instance. "Deliberate indifference to serious medical needs of prisoners constitutes the 'unnecessary and wanton infliction of pain' . . . proscribed by the Eighth Amendment. This is true whether the indifference is manifested by prison doctors in their response to the prisoner's needs or by prison guards in intentionally denying or delaying access to medical care or intentionally interfering with the treatment once prescribed."[15]  "Examples of serious medical needs

---

[9] Docket 201 at 2.
[10] *Id.* at 3–5.
[11] Docket 205 at 2.
[12] *Id.* at 6 (citing Docket 170).
[13] *Id.* at 5.
[14] Docket 205.
[15] *Estelle*, 429 U.S. at 104–05.

*Hernandez v. Lord, et al.* Case No. 3:19-cv-00151-RRB
Order Denying Plaintiff's Motion for Appointment of Medical Expert (Docket 201) Page 3
Case 3:19-cv-00151-RRB    Document 206    Filed 12/03/24    Page 3 of 4

include '[t]he existence of an injury that a reasonable doctor or patient would find important and worthy of comment or treatment; the presence of a medical condition that significantly affects an individual's daily activities; or the existence of chronic and substantial pain.'"[16] The question is whether prison officials **denied, delayed, or intentionally interfered** with medical treatment.[17]

Plaintiff's distal fibula fracture is not a complex medical condition. Rather, it is within the purview of a lay jury to understand what a broken bone is like, and how pain could impact a person. It is not necessary to further delay this matter to attempt to locate and retain another witness. A jury will be capable of determining whether Plaintiff's Eighth Amendment rights were violated without the assistance of a medical expert.

### III. CONCLUSION

Plaintiff's Motion for the Appointment of Medical Experts at Docket 201 is DENIED without prejudice. Plaintiff will be able to testify regarding his injury and the associated events and cross-examine any of the Defendants that testify at trial. He also will be permitted to call any Defendants who are not called by the Government to testify as witnesses at trial.

IT IS SO ORDERED this 2nd day of December, 2024, at Anchorage, Alaska.

*/s/ Ralph R. Beistline*
RALPH R. BEISTLINE
Senior United States District Judge

---

[16] *Lopez v. Smith*, 203 F.3d 1122, 1131 (9th Cir. 2000).
[17] *Estelle*, 429 U.S. at 104–05 (emphasis added).

*Hernandez v. Lord, et al.* Case No. 3:19-cv-00151-RRB
Order Denying Plaintiff's Motion for Appointment of Medical Expert (Docket 201) Page 4
Case 3:19-cv-00151-RRB   Document 206   Filed 12/03/24   Page 4 of 4